UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
YAKOV PUKHOVICH,

        Plaintiff,

Ind. No.

COMPLAINT

      -against-

THE CITY OF NEW YORK, TRAFFIC
ENFORCEMENT AGENT CANDICE COURTNEY,
SHIELD NO. 2916 of Brooklyn South Traffic
Enforcement,

        Defendants.

---------------------------------------------------------------------- x

MATSUMOTO,

KUO, M.J.

The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of Kings.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendant, TRAFFIC ENFORCEMENT AGENT CANDICE COURTNEY, SHIELD NO. 2916 of Brooklyn South Traffic Enforcement (Hereinafter COURTNEY) was duly sworn traffic agent of said police department and was acting under the supervision of said police department and according to her official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants, alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendants, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## PENDENT STATE CLAIMS

13. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about September 22, 2015.

14. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

That this action is commenced within one year and ninety days after the cause of action arose.

## FACTS

15. Upon information and belief, on or about March 13, 2015 at approximately 12:10pm plaintiff in the vicinity of East 15th Street and Avenue P, Brooklyn, New York, in the County of

Kings, plaintiff parked his motor vehicle in a parking spot regulated by metered parking regulations.

16. Upon information and belief, the nearest meter was not functioning properly, and the plaintiff walked to another meter to pay for parking to procure a receipt to display.

17. Upon information and belief, at the above time, date and location, plaintiff's vehicle was approached by COURTNEY, and defendant began to issue a parking ticket to the vehicle due to the lack of a receipt being displayed.

18. Upon information and belief, while COURTNEY was in the midst of issuing the parking ticket, plaintiff returned to the location with the receipt indicating payment.

19. Upon information and belief, plaintiff attempted to show COURTNEY the receipt in order to demonstrate compliance with the regulation and to cause COURTNEY to reconsider issuing the parking ticket.

20. Upon information and belief, COURTNEY refused to accept plaintiff's proof of payment for the meter and engaged in a verbal dispute with plaintiff.

21. Upon information and belief, COURTNEY then called for uniformed members of the NYPD to respond to the location and falsely stated that the plaintiff touched her person and pushed her.

22. Upon information and belief, due to COURTNEY's false statements to fellow officers, specifically Police Officer Elizabeth Judd, Shield No. 16653 of the 61st Precinct, plaintiff was seized without probable cause that he committed any crime, and he was placed under arrest.

23. Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of Kings.

24. Upon information and belief, Plaintiff was required to attend court several times over the course of several months until the underlying criminal case was dismissed and sealed on June 24, 2015.

25. Upon information and belief, defendant COURTNEY did intentionally and falsely make a statement stating that plaintiff Obstructed Governmental Administration, engaged in Menacing in the Second Degree and Harassment in the Second Degree to other members of the New York City Police Department and the Kings County District Attorney's office.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

26. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendant in her capacities as employee of the NYPD, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendant in her capacities as employee of the NYPD, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The acts complained of were carried out by the aforementioned individual defendant in her capacities as employee of the NYPD, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance.

33. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, physical and mental distress, anguish, pain and suffering.

34. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

38. The acts complained of were carried out by the aforementioned individual defendant in her capacities as employee of the NYPD, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, physical and mental distress, anguish, pain and suffering.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. On the above mentioned date, due to defendant COURTNEY's false and malicious statements to fellow officers, plaintiff was forcibly prevented from exiting a Police Precinct where plaintiff was taken to for arrest processing as well as the New York County Criminal Court Central Booking facility with plaintiff's knowledge and without the plaintiff's consent.

43. Upon information and belief, defendant COURTNEY had no justifiable reason to detain, or cause plaintiff's detention.

44. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

45. Upon information and belief, defendant COURTNEY's conduct was in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

46. The acts complained of were carried out by defendant COURTNEY in her capacities as a employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER STATE LAW

47. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

48. Defendant COURTNEY misrepresented and falsified evidence before the District Attorney.

49. Defendant COURTNEY did not make a complete and full statement of facts to the District Attorney.

50. Defendant COURTNEY withheld exculpatory evidence from the District Attorney.

51. Defendant COURTNEY was directly and actively involved in the initiation of criminal proceedings against plaintiff.

52. Defendant COURTNEY lacked probable cause to initiate criminal proceedings against plaintiff.

53. Defendant COURTNEY acted with malice in initiating criminal proceedings against plaintiff.

54. Defendant COURTNEY were directly and actively involved in the continuation of criminal proceedings against plaintiff.

55. Defendant COURTNEY lacked probable cause to continue criminal proceedings against plaintiff.

56. Defendant COURTNEY acted with malice in continuing criminal proceedings against plaintiff.

57. Defendant COURTNEY misrepresented and falsified evidence throughout all phases of the criminal proceeding.

58. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about June 24, 2015.

59. Each and all of the acts of defendant COURTNEY alleged herein were done by said person while acting within the scope of her employment by defendant NYC.

By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of the defendants' offensive conduct in an amount not less than $10,000,000.00.

## FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

61. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendant COURTNEY, in that the said defendant lacked the experience, deportment and ability to be employed by defendant NYC; in that NYC failed to exercise due care and caution in their hiring practices, training, and supervision and in particular, in hiring, training and supervising the defendant COURTNEY, who lacked the mental capacity and the ability to function as employee of defendant NYC; in that the defendant NYC failed to investigate the above named defendant's background and in that it hired and retained as employee of their police department individuals who were unqualified in that COURTNEY lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

62. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, as well as considerable pain and suffering, mental anguish, and anxiety.

63. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

Dated: New York, New York
March 18, 2016

                              Very truly yours,

                              THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____
        Michael Fineman, Esq. (MF0282)
        Attorney for Plaintiff,
        YAKOV PUKHOVICH,
        225 Broadway, Suite 3604
        New York, New York 10007
        Tel: (212) 233-4500
        Fax: (212) 233-4501

Case 1:16-cv-01474-KAM-PK Document 1 Filed 03/25/16 Page 8 of 8 PageID #: 8